IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02269-NRN

MARY LEDERMAN,

Plaintiff,

v.

BOSTON SCIENTIFIC CORPORATION,

Defendant.

---

## RECOMMENDATION ON
## PLAINTIFF'S MOTION TO AMEND HER COMPLAINT TO ADD CLAIM FOR PUNITIVE DAMAGES (Dkt. #87)

---

**N. REID NEUREITER**
**United States Magistrate Judge**

Plaintiff moves to amend her complaint to add a claim for punitive damages. *See* Dkt. #87. The motion was filed on March 8, 2023, the day before the scheduled final pretrial conference. Judge Moore referred motion to me. *See* Dkt. #88. The Court heard argument from Plaintiff's counsel on why amendment should be allowed on March 9, 2023. *See* Dkt. #89. The Court will recommend that the Motion be **DENIED**.

The reason the motion should be denied is that it is filed too late in the process, well after the deadline for amendments, and Plaintiff provides no justification for the delay. Amending this late in the process will substantially prejudice Defendant and is an affront to the orderly administration of justice.

Scheduling orders are contemplated and designed to offer a degree of certainty in pretrial proceedings, ensuring at some point that the claims and evidence are fixed so

that parties may proceed to trial. *See Home Design Servs., Inc. v. Trumble*, No. 09-cv-00964-WYD-CBS, 2010 WL 1435382, *6 (D. Colo. Apr. 9, 2010). They are not "optional deadlines that can simply be ignored or amended on a whim." *Dedmon v. Continental Airlines, Inc.*, 13-cv-0005-WJM-NYW, 2015 WL 4639737 (D. Colo. Aug. 8, 2015). Per the Scheduling Order which was entered on November 23, 2021 (Dkt. #26), the deadline for amendment of pleadings was to be January 4, 2022. The motion to amend to add punitive damages was filed March 8, 2023, fourteen months later, on literally the eve of the anticipated final pretrial conference.

I start with the principle that leave to amend shall be freely granted when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this instance, the amendment comes after the time set in the Scheduling Order for amendment of pleadings. So, allowing amendment would mean modifying the Scheduling Order, which requires good cause. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (explaining that once the scheduling order deadline has passed, "a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard"). In practice, this good cause standard requires the movant to show the scheduling deadlines could not be met despite the movant's diligent efforts. Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law

has changed. If the plaintiff generally knew of the underlying conduct but simply failed to raise the claim, however, good cause could not be shown. *Id.*

Here, the issue of amendment of the complaint is complicated by the fact that Plaintiff seeks to add a request for exemplary damages under Colorado law. Under Colorado state law, the requested remedy of exemplary (punitive) damages may not be included in the initial complaint. Instead, per Colo. Rev. Stat. § 13–21–102(1.5)(a), such a request "may be allowed by amendment to the pleadings only after the exchange of initial disclosures pursuant to Rule 26 of the Colorado Rules of Civil Procedure and the plaintiff establishes prima facie proof of a triable issue [on exemplary damages]." Thus, under Colorado law, a plaintiff may not demand exemplary damages in the original complaint and, to add such a request, the plaintiff must develop sufficient evidence to at least create a triable issue for the jury on exemplary damages. In many cases, this will be during the discovery period and after the passage of the deadline set in the scheduling order for amendment of pleadings.

Nevertheless, the Rule 15 and Rule 16 standards still apply to a movant's untimely request to amend pleadings to add a claim for exemplary damages. *See, e.g., Fiechtner v. Amer. Family Mut. Ins. Co.*, No. 09–cv–02681–REB–MEH, 2010 WL 5185490, at *3 (D. Colo. Oct. 19, 2010); *Alarid v. Biomet, Inc.*, No. 14-cv-2667-REB-NYW, 2016 WL 309053, at *2 (D. Colo. Jan. 26, 2016); *Martin v. Amer. Family Mut. Ins. Co.*, No. 05-cv-00960-ZLW-BNB, 2007 WL 1159945, at *1 (D. Colo. Apr. 17, 2007). As a practical matter, this means that if a plaintiff has diligently sought to develop the evidence sufficient to create a prima facie case for exemplary damages, learns new information through discovery, and has not unduly delayed in moving to amend once

that evidence is collected, then good cause for the amendment is established. *See Schimek v. Owners Ins. Co.*, No. 16-cv-02197-PAB-STV, 2017 WL 3621833 (D. Colo. August 23, 2017) (finding good cause to amend to add request for exemplary damages where plaintiff obtained supporting evidence in the course of discovery); *Kassinove v. McClendon*, 16-cv-00565-WYD-KLM, 2017 WL 4277184 (D. Colo. Sept. 27, 2017) (denying leave to amend to add request for exemplary damages where Plaintiff did not submit any evidence in support that was obtained through discovery and nothing would have prevented Plaintiffs from filing within the deadline); *State Farm Mut. Auto Ins. Co. v. Fisher*, No. 08-cv-01687-REB-MEH, 2009 WL 1011194, at *4–5 (D. Colo. April 15, 2009) (applying Colorado exemplary damages statute to determine whether amendment appropriate and considering evidence in light of Rule 15 obligation to freely grant leave to amend); *E & S Liquors, Inc. v. U.S. Fidelity & Guar. Co.*, No. 08-cv-01694-WYD-KLM, 2009 WL 837656, at *2–3 (D. Colo. March 26, 2009) (same); *Siemens v. Romero*, No. 09-cv-02065-KLM-CBS, 2010 WL 427893, at *1 (D. Colo. Feb. 3, 2010) (same); *Espinoza v. Am. Fam. Mut. Ins. Co.*, No. 08-cv-00709-REB-MEH, 2008 WL 4059851, at *2(D. Colo. Aug., 29, 2008) (granting leave to amend to add claim for exemplary damages, noting that it is expected that the "discovery process" will provide the evidence necessary to establish the prima facie case).

The rule is that if the plaintiff knew of the conduct substantiating the claims he seeks leave to add, but simply failed to raise the claims in a timely way, the plaintiff has failed to show good cause, and the claims are barred. *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015). Denial is appropriate when the moving party does not

demonstrate good cause for his or her failure to file the motion prior to the scheduling order deadline. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006).

Here, Plaintiff in her motion makes no effort to establish good cause or explain the delay in seeking to amend. Instead, Plaintiff states in a conclusory way that "[t]he timing of Plaintiff's motion is appropriate." Dkt. #87 at 7.

No; the timing is not "appropriate." Filing a motion to amend the day before the final pretrial conference, long after discovery has closed, and more than a year after the deadline for designation of experts, is far from "appropriate."

It is also apparent from Plaintiff's Motion that the evidence on which Plaintiff relies to establish a prima facie case was available years before, from other lawsuits involving the medical device at issue in this case. Per the Scheduling Order, Defendant had produced documents related to the alleged defectiveness of the device in question in connection with Multi-District Litigation that had begun *in 2011*. Thus, generic discovery regarding the alleged dangers of the device and the alleged inadequacy of the warnings was available before the Scheduling Order was even entered. *See* Dkt. #26 at 7. The motion itself cites depositions taken in *2013* to support the claim for punitive damages. Thus, there can be no argument that evidence developed during the discovery period in this case forms the basis for the punitive damages claim. All this evidence was readily available to Plaintiff (or her counsel) years before the deadline for amendment of pleadings and certainly long before the close of discovery. There is no justification for the substantial delay in seeking to add a claim for punitive damages.

For the foregoing reasons. the Court **RECOMMENDS** that Plaintiff's Motion to Amend Her Complaint to Add Claim for Punitive Damages (Dkt. #87) be **DENIED**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999);  *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:   March 9, 2023
         Denver, Colorado          _____
                                   N. Reid. Neureiter
                                   United States Magistrate Judge